[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15647

_____

Agency No. A76-924-925

NANIK SUGIHARTI SUBENO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 30, 2006)**

Before BIRCH and BLACK, Circuit Judges, and PRESNELL,[*] District Judge.

PER CURIAM:

_____

[*]Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

Nanik Sugiharti Subeno (Subeno), a Chinese Christian woman, is a native and citizen of Indonesia. Through counsel, Subeno petitions for review of the Board of Immigration Appeals' (BIA's) decision denying her second motion to reopen the proceedings regarding her application for asylum and withholding of removal under the Immigration and Nationality Act and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT). Subeno contends the BIA abused its discretion in denying her second motion to reopen based on changed circumstances in Indonesia.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1220 (11th Cir. 2003). "In this particular area, the BIA's discretion is quite broad." *Id.* (internal quotation omitted). As a general matter, motions to reopen are disfavored because "every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *INS v. Doherty*, 112 S. Ct. 719, 724-25 (1992).

After hearing oral argument and reviewing the record, we conclude Subeno has failed to establish the BIA abused its discretion in denying her second motion to reopen. While the BIA's order may be brief, the BIA "has no duty to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to

perceive that it has heard and thought and not merely reacted." *Osuchukwu v. INS*, 744 F.2d 1136, 1142-43 (5th Cir. 1984). The BIA sufficiently articulated its reasoning to provide us a proper basis for review. The BIA considered the evidence Subeno submitted with her motion to reopen and rationally concluded Subeno did not establish a change in circumstances sufficient to demonstrate prima facie eligibility for asylum, withholding of removal, or relief under CAT. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001) (explaining one ground on which BIA may deny a motion to reopen is failure to establish a prima facie case). The BIA's decision was not an abuse of discretion. Accordingly, we deny Subeno's petition for review.

**PETITION DENIED.**